**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINDA L. SHELTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-cv-6413 |
| ) | |
| RACHEL WRIGHT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Cook County's motion to dismiss [7] Count VI of Plaintiff Linda Shelton's complaint and Defendants Wright and Allen's motion to dismiss [9] Counts III, IV, and V of Plaintiff's complaint. For the reasons stated below, the Court grants both motions to dismiss [7, 9].

**I. Background**[1]

Plaintiff Linda Shelton ("Plaintiff") alleges that on October 10, 2007, she went to the Circuit Court of Cook County to obtain a document from the clerk's office. Plaintiff carried with her a bag containing equipment and medication for treatment of her asthma, along with a judicial order granting her permission to bring the equipment and medications into the courthouse. Plaintiff placed her bag in the security scanner machine and walked through the security gate. Plaintiff alleges that neither she nor the bag triggered the security alarm device, known as a

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations that are set forth in the complaint. See, *e.g., Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

"magnetometer." However, an officer extracted the cords for Plaintiff's medical equipment from her bag for inspection. Defendant Allen, an employee of the Cook County Sheriff's Division of Courtroom Services who was standing near the security scanner dressed in plainclothes, informed Plaintiff that the cords for Plaintiff's equipment were not permitted in the courthouse. Plaintiff, "[t]hinking Defendant Allen was some kind of nut, interfering with the security officer's duties," countered that she had permission to bring the equipment into the courthouse and began to walk away from the security area. [1, at ¶ 12.] She was stopped by Defendant Allen and other officers, who told her that she had breached security. Defendant Wright, another Courtroom Services Division employee, then approached Plaintiff and told her that she had failed to comply with security procedures by refusing to pass back through the scanning device. Defendant Wright instructed Plaintiff to leave the building because she was resisting security procedures. Plaintiff did not leave, and Defendants arrested her for trespass to State-supported land.

At the time of her arrest on October 10, 2007, Plaintiff was on bail awaiting sentencing on a conviction for battery to a correctional officer. On October 12, the Cook County Circuit Court judge revoked Plaintiff's bail on the battery conviction as a result of the trespass arrest.

Plaintiff contends that she did not receive due process in her bail revocation hearing. Plaintiff alleges that the judge at the bail revocation hearing refused to consider the surveillance tape of the security incident that Plaintiff offered as evidence. In addition, Plaintiff alleges that Defendant Wright falsely testified at the hearing that Plaintiff had hidden the electrical cords, triggered the magnetometer, and refused to go back through the security gate. Plaintiff also alleges that Defendant Wright stated at the hearing that "Plaintiff had become hysterical [during the October 10 incident] and claimed she had been raped by officers." [1, at ¶ 27.] Plaintiff

alleges (presumably in explanation of the assertion of hysteria) that she suffers from post-traumatic stress disorder as a result of an altercation that she had with a Cook County Jail officer (which formed the basis of the battery conviction) and experienced flashbacks during the October 10 incident.

During the trespass prosecution, Plaintiff filed a "motion to quash for lack of probable cause and insufficient complaint." [1, at ¶ 31.] The Government filed a motion for a *nolle prosequi* order. On December 17, 2007, the Cook County Circuit Court judge entered a *nolle prosequi* order and deemed Plaintiff's motions moot. Plaintiff alleges that she made a demand for a speedy trial during the proceeding at which the court nol-prossed the case.

On October 3, 2009, Plaintiff filed the complaint in this case, asserting a § 1983 claim for unlawful arrest, seizure, and imprisonment against Defendants Wright, Allen, and Does (collectively, "the individual Defendants") (Count I); a § 1983 claim for due process violation against the individual Defendants (Count II); a state law malicious prosecution claim against the individual Defendants (Count III); a state law intentional and negligent defamation claim against the individual Defendants (Count IV); a state law intentional infliction of emotional distress claim against the individual Defendants (Count V); and a *Monell* claim against Defendant Cook County ("Cook County") (Count VI). Plaintiff alleges that after her bail was revoked following the October 10 arrest, she was placed in segregation in jail and was denied access to the law library. As a result, she was unable to access legal materials that she sought to use to file post-trial motions, an appeal, and post-conviction petitions in her battery case. Plaintiff also alleges that she was denied her medications and food that was appropriate to her (unidentified) medical conditions while incarcerated. Finally, Plaintiff alleges that she and her family suffered emotional distress as a result of the arrest.

3

## II. Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 569 n.14). In other words, the pleading must allege facts that plausibly suggest the claim asserted. *Twombly*, 550 U.S. at 570. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). However, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555) (omission in original). The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

## III. Analysis

### A. Count III

Count III of Plaintiff's complaint asserts a state law claim of malicious prosecution against Defendants Wright, Allen, and Does. Defendants argue that Plaintiff's malicious

prosecution claim is beyond the statute of limitations and therefore must be dismissed as time-barred.

The Illinois Tort Immunity Act establishes a one-year statute of limitations for civil actions against employees of a local entity for any injury. See 745 ILCS 10/8-101. A malicious prosecution claim accrues on the date that the case was terminated in the plaintiff's favor. See *Ferguson v. City of Chicago*, 820 N.E.2d 455, 459 (Ill. 2004). Here, the trespass charge against Plaintiff was dismissed on December 17, 2007, by an order of *nolle prosequi*. Entry of a *nolle prosequi* order dismisses the charges and terminates further prosecution; it thus is similar to a grant of a motion to dismiss. See *People v. Douglas*, 839 N.E.2d 1039, 1045 (Ill. App. Ct. 1st Dist. 2005); see also *Ferguson*, 820 N.E.2d at 460 (holding that "a *nolle prosequi* order terminates the charge and requires the institution of a new and separate proceeding to prosecute the defendant"). Defendants argue that the case against Plaintiff was terminated on December 17, 2007 (or, alternatively, on May 24, 2008, when the speedy trial period allegedly ended), and that the statute of limitations ran one year later. Because Plaintiff did not file her federal court complaint until October 13, 2009, Defendants argue that Count III is time-barred.

Plaintiff argues that because the judge did not rule on her motion to quash before entering the *nolle prosequi* order, the order is void and the case therefore has not been terminated. See *People v. Woolsey*, 564 N.E.2d 764, 769 (Ill. 1990) (holding that a trial court should dispose of a motion to dismiss on the ground of a speedy-trial act violation before entering an order of *nolle prosequi*); *cf. People v. Tannenbaum*, 578 N.E.2d 611, 612 (Ill. App. Ct. 2d Dist. 1991) (noting that, although trial court "should first consider a potentially dispositive defense motion, such as a motion to dismiss on speedy trial grounds, before allowing the State to nol-pros the charging instrument," the court did not err where it twice ruled on defendant's motion to dismiss the

charge or to quash the complaint and then nol-prossed the case while defendant's motion to reconsider was pending). *Tannenbaum* suggests that Plaintiff's motion to quash is the type of dispositive motion that should have been decided before the trial court entered the *nolle prosequi* order (see *Tannenbaum*, 578 N.E.2d at 612) – though other cases indicate that "should" does not necessarily mean "must" and that state court trial judges retain some measure of discretion in this area (see *Bochantin v. Petroff*, 582 N.E.2d 114, 117-18 (Ill. 1991) (stating that "[c]ontrary to this court's statement in *Woolsey*, which we recognize as merely *dicta*, we emphasize herein that the *Gibellina* opinion left within the discretion of the trial court the decision to consider a potentially dispositive defense motion before granting a plaintiff's section 2-1009 motion").

In reliance on *Tannenbaum*, Plaintiff argues that the *nolle prosequi* order in her case is "void ab initio." [1, at ¶ 32.] Plaintiff's argument is flawed for at least two reasons. First, neither *Woolsey* nor *Tannenbaum* dictate that a *nolle prosequi* order that is entered while a dispositive defense motion is pending is *void*; they suggest merely that such an order may be erroneous and subject to correction on remand from a reviewing court (or, conceivably, on a motion for reconsideration in the trial court). However, under the *Rooker-Feldman* doctrine, this Court may not directly review (and correct) a state court order. See *Exxon Mobil Corp. v. Saudi Indus. Corp.*, 544 U.S. 280, 291-92 (2005). Any review of state court rulings must take place in the state court system.[2] Second, and more importantly, Plaintiff's allegation that the *nolle*

---

[2] Although Plaintiff's pleadings are far from clear, it appears that she sought review of the *nolle prosequi* order in a post-conviction pleading (which was denied) but not on direct appeal. Plaintiff argues that she may not appeal her case to the Illinois appellate courts because the *nolle prosequi* is an interlocutory, not a final, order. See *Woolsey*, 564 N.E.2d at 766. Yet, as evidenced by both *Woolsey* and *Tannenbaum*, a plaintiff may request that the Illinois reviewing courts, in the exercise of their supervisory authority over the trial courts, decide whether a pending defense motion should have been decided prior to entry of a *nolle prosequi* order. See *id.* at 760; *Tannenbaum*, 578 N.E.2d at 502 (reviewing the procedural history of the case, determining that the trial court had adequately ruled on the defendant's motion to dismiss

*prosequi* order is void and therefore did not terminate her case wholly undermines her malicious prosecution claim. An essential element of malicious prosecution is that the underlying criminal case was terminated in defendant's favor. See *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1998). Here, Plaintiff not only failed to allege that the trespass case was terminated in her favor,[3] but she alleges affirmatively that the case has not been terminated at all. Therefore, accepting as true Plaintiff's allegation that the case remains pending, the Court would be required to dismiss Count III for failure to state a claim upon which relief may be granted.

In reality, however, Plaintiff misapprehends Illinois law. Taking the allegations of her complaint together with the Illinois Supreme Court's statement of the controlling law in *Ferguson*, it is clear that the *nolle prosequi* order entered on December 17, 2007, did in fact terminate Plaintiff's case. See *Ferguson*, 820 N.E.2d at 460 (explaining that "[b]ecause *nol-prossing terminates the case* and returns the matter to the same conditions which existed before the prosecution commenced, *it does not toll the statute of limitations*" (emphasis added)). Accordingly, the statute of limitations began to run on the date of the termination of the case through the *nolle prosequi* order and lapsed one year later, on December 17, 2008. Because Plaintiff filed her malicious prosecution claim approximately ten months after the limitations

---

before entering the *nolle prosequi* order, and then holding that it lacked jurisdiction to consider the merits of defendant's remaining arguments on appeal); *Bochantin*, 582 N.E.2d at 118 (holding, in a civil case, that the trial court did not abuse its discretion in choosing not to consider a potentially dispositive defense motion before granting plaintiff's motion for voluntary dismissal).

[3] A case that has been dismissed pursuant to a *nolle prosequi* order has not necessarily been terminated in a defendant's favor. See *Swick*, 662 N.E.2d at 1243. A plaintiff who asserts a malicious prosecution on the basis of a case that was nol-prossed must show that the prosecution in the prior criminal action sought a *nolle prosecution* order because the plaintiff was innocent. *Id.* at 1243; see also *Ferguson*, 820 N.E.2d at 460. Here, Plaintiff makes no assertion that the trespass case against her was terminated in a manner indicative of her innocence; rather, she admits in her complaint that she did not leave the building when Defendant Wright told her that she must do so.

period had run, her claim is time-barred, and any attempt to amend the complaint with an allegation that the underlying case in fact was terminated in her favor would be futile on that basis. And because, as explained above, the *nolle prosequi* order arguably may be voidable but is not void, this Court cannot invalidate the order – only a state court may grant such relief.[4]

## B. Count IV and V

Defendants Wright and Allen also contend that Counts IV and V of Plaintiff's complaint must be dismissed as time-barred. The applicable one-year statute of limitations period in a personal injury cause of action begins to run when the plaintiff suffers an injury. See *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995); see also 745 ILCS 10/8-101. Plaintiff's arrest for trespassing occurred on October 10, 2007. The one-year statute of limitations for Plaintiff's claims of intentional and negligent defamation (Count IV) and intentional infliction of emotional distress (Count V) began to run on the date of her arrest, October 10, 2007, and expired one year later, on October 10, 2008. Plaintiff filed her complaint in the instant case on October 13, 2009, more than one year after the limitations period on Counts IV and V had run.

Plaintiff asserts three separate reasons why Counts IV and V are not subject to the one-year statute of limitations. First, Plaintiff argues that the statute of limitations should be tolled for the period during which she was incarcerated, October 10, 2007 to March 27, 2008. Under

---

[4] Defendants' suggestion that the limitations period did not commence until the expiration of the 160-day speedy-trial period following the entry of the *nolle prosequi* order appears to rest on a misreading of *Ferguson*. As the Supreme Court explained in *Ferguson*, when a case is stricken with leave to reinstate ("SOL'd"), the criminal proceedings are not terminated until the speedy-trial period ends (provided that no further action is taken by the State in the meantime). See 820 N.E.2d at 461-62. But, as explained above, *Ferguson* makes equally clear that criminal proceedings are terminated, and the limitations period is not tolled, when the case is nol-prossed. In any event, even if the rule set out in *Ferguson* for cases that are SOL'd did apply here, the 160-day period ended on May 24, 2008, and Plaintiff did not file her lawsuit until more than a year after that date.

8

Illinois law, the one-year statute of limitations for claims against local government entities or agents may be extended to two years if "the person * * * at the time the cause of action accrued * * * is under a legal disability." 735 ILCS 5/13-211. Incarceration is not a "legal disability" under 735 ILCS 5/13-211. See *Pettiford v. Sheahan*, 2002 WL 1433503, at *2 (N.D. Ill. Jul. 2, 2002) (citing *Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir. 1996)). Plaintiff therefore is not entitled to tolling by virtue of her incarceration. Second, Plaintiff argues that due to alleged medical incapacitation between July 17 and July 20, 2008, she is entitled under 735 ILCS 5/13-211 to an extended statute of limitations period of two years. However, under 735 ILCS 5/13-211, the person must suffer the legal disability at the time that the cause of action accrued. Because Plaintiff alleges that she experienced the incapacitation several months after the cause of action accrued, the extended limitations period is not available to her. Third, Plaintiff argues that her claims against the individual Defendants are not time-barred pursuant to the Illinois Fraudulent Concealment Statute, 735 ILCS 5/13-215. Section 5/13-215 provides that no statute of limitations period applies if a tortious injury is fraudulently concealed. Here, however, Plaintiff's alleged injury was not concealed; she knew and was aware of the alleged injury as of its occurrence on October 10, 2007. The Fraudulent Concealment Statute therefore does not exempt her from the applicable one-year statute of limitations.

Plaintiff also requests that the limitations period be equitably tolled. "Equitable tolling may only extend a deadline when despite all due diligence, a plaintiff cannot obtain the information necessary to realize that he may possibly have a claim." *Jones v. Res-Care, Inc.*, 613 F.3d 665, 670 (7th Cir. 2010) (citation omitted). The doctrine should be used sparingly and only when "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); see also *Irwin v.*

9

*Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Plaintiff has not alleged facts that meet this standard. Plaintiff alleges that she suffered emotional distress and defamation immediately upon her arrest for trespass. Therefore, she should have been aware that she had a possibility for a claim well within the limitations period. Moreover, courts have held that incarceration is not the type of extraordinary circumstance that justifies equitable tolling. See *Johnson v. McCaughtry*, 265 F.3d 559, 566 (7th Cir. 2001) (holding that "we decline to find that this circumstance [of incarceration] is so extraordinary as to warrant application of this rarely applied doctrine"); see also *Posada v. Schomig*, 64 F. Supp. 2d 790, 796 (C.D. Ill. 1999) (holding that the fact that a prisoner was sometimes unable to access the law library, was not an extraordinary circumstance that justified equitable tolling). The Court finds that, on these facts, Plaintiff has not shown the type of extraordinary circumstance that would justify equitable tolling.

In sum, the Court concludes that Counts IV and V of Plaintiff's complaint are subject to the one-year statute of limitations under the Tort Immunity Act. Because Plaintiff did not file her complaint until after the limitations period had run, Counts IV and V are time-barred. The Court therefore grants Defendants' motion to dismiss [9] as to these counts.[5]

### C. Count VI

Defendant Cook County argues that Count VI must be dismissed because Plaintiff has not properly made out a *Monell* claim. Plaintiff concedes that Cook County was improperly named as a Defendant. The Court therefore grants Defendant Cook County's motion to dismiss Count VI [7].

---

[5] To the extent that Plaintiff seeks to extend her equitable tolling argument to Count III, the Court notes that that argument would fail for the same reasons as stated above.

* * * * *

In her response to Defendants' motions to dismiss, Plaintiff asks the Court to "consider this case an habeas petition as well as a tort and declare the underlying criminal case void *ab initio*, for reasons stated above after an evidentiary hearing * * * or in the alternative place [the] case on hold pending supervisory order from the United States Supreme Court and certify this question to the United States Supreme Court re: legality of Illinois Supreme Court refusing to accept Shelton's filing for supervisory order in a criminal case." [28, at 10.] The Court must reject both requests.

Even assuming that Plaintiff's request to consider her response to be a habeas petition is proper, this Court lacks jurisdiction to hear a § 2254 petition based on the trespass arrest. In order for this Court to have jurisdiction, Plaintiff must have been "in custody under the conviction or sentence under attack" at the time that she filed her petition. *Maleng v. Cook*, 490 U.S. 488, 490 (2004) (internal quotation marks omitted); see also 28 U.S.C. § 2254(a). Plaintiff alleges that she satisfies the "in custody" requirement because she is on bail for "four pending and also fraudulent misdemeanor cases perpetrated against her in retaliation for her whistle blowing." [28, at ¶ 2]. The mere fact that Plaintiff is in some type of custody at the time of filing is not sufficient to secure jurisdiction; rather, the custody must relate to the sentence being challenged. See *Maleng*, 490 U.S. at 491-92 (distinguishing a case, *Carafas v. LaVallee*, 391 U.S. 234 (1968), in which the Court found a habeas petitioner to be "in custody" when "the petitioner had been in physical custody *under the challenged conviction at the time* the petition was filed" from the case at bar, in which the petitioner was incarcerated for a subsequent offense, and holding that the latter petitioner was not "in custody" for habeas purposes). Plaintiff was not in custody for the trespass arrest at the time that she filed her response (or her original

complaint). The Court rejects her request to consider the response to be a habeas petition under 28 U.S.C. § 2254.[6]

Plaintiff also asks this Court to certify a question to the United States Supreme Court. Plaintiff alleges that she filed a post-conviction petition in Illinois state court on October 15, 2009, seeking to void the *nolle prosequi* order because it was entered while Plaintiff's motion to quash was pending. Plaintiff alleges that the Illinois Supreme Court ordered the clerk of the court not to accept any filings from Plaintiff. Plaintiff requests that this Court certify to the Supreme Court of the United States the question of whether the Illinois Supreme Court may refuse to allow her to file documents to void a *nolle prosequi* order. Even if the issue that Plaintiff presents warranted this seldom-used avenue of review, only a United States Court of Appeals may certify a question to the Supreme Court of the United States. See SUP. CT. R. 19. The Court therefore rejects Plaintiff's request for certification.

## V.  Conclusion

For the foregoing reasons, the Court grants Defendants' motions to dismiss [7, 9] Counts III, IV, V, and VI of Plaintiff's complaint and respectfully declines to enter any of the relief requested by Plaintiff in her response brief.

Dated:  March 9, 2011

Robert M. Dow, Jr.
United States District Judge

---

[6] The proper respondent in a habeas petition would not be any of the Defendants named in this case; rather, the respondent would be the Warden of the correctional institution where Plaintiff (petitioner) is incarcerated.