# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6413 | **DATE** | 5/26/2011 |
| **CASE TITLE** | Shelton vs. Cook County Sheriff, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has filed two motions that are noticed for presentment on Friday, May 27: (1) motion for change of venue [46] and (2) emergency motion for temporary restraining order against Marshal Service [50]. The motion for change of venue [46] is taken under advisement and a written ruling will be issued by mail in due course. If after further review of the motion the Court desires additional briefing, it will notify the parties. The emergency motion for temporary restraining order [50] is denied for the reasons stated below. The notice of motion date of 5/27/2011 is stricken, the case will not be called, and there is no need for the parties to appear in the district court on that date following the previously scheduled status hearing before Magistrate Judge Keys at 9:00 a.m.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

In her emergency motion for temporary restraining order [50], Plaintiff challenges certain orders of the district court's Executive Committee imposing restrictions on Plaintiff's access to the Dirksen Federal Building, including that she be accompanied by a representative of the U.S. Marshal at all times while she is present in the Dirksen Building. Plaintiff contends, *inter alia*, that the Executive Committee orders are "void, unconstitutional, and treasonous." She requests a temporary restraining order against the U.S. Marshal Service barring them from (1) allowing a named individual Deputy Marshal from coming within 20 feet of Plaintiff, (2) assigning anyone but a female court services officer of Deputy Marshal from escorting Plaintiff, and (3) "following Judge Holderman's void orders." Plaintiff insists that the Court has jurisdiction to consider her challenge to the Executive Committee orders because the orders are impeding her ability to litigate the civil matter on this Court's docket.

Assuming for the sake of argument that the Court has jurisdiction over the matters raised in the motion, the Court finds no basis for disturbing the Executive Committee's orders or granting the relief requested in Plaintiff's motion. The pertinent orders expressly allow Plaintiff to continue to litigate her pending civil cases, including the matter before this Court (No. 09-cv-6413). In fact, since the entry of the Executive Committee orders in question, Plaintiff has filed a response to Defendants' motion to dismiss [28], a proposed discovery schedule [38], and the motions now before the Court for consideration – presumably using the mail or the assistance of other individuals to physically make the filings, as permitted by the

| STATEMENT |
|---|
| Executive Committee orders. It thus is clear that the restrictions imposed by the Executive Committee have not impeded Plaintiff's ability to litigate this case. Indeed, the motion to dismiss was denied in part and the parties are proceeding with discovery under the supervision of Magistrate Judge Keys, who has scheduled a status hearing for 5/27/2011 at 9:00 a.m. For these reasons, the Court sees no reason to grant any relief on the basis of any interference with Plaintiff's ability to litigate the civil case that is pending before it.<br><br>To the extent that Plaintiff seeks general modifications of the Executive Committee's orders – for example, in regard to the Marshal Service personnel assigned to carry out the escorts required when Plaintiff enters the Dirksen Building to attend proceedings as to which "she is required to be physically present" – Plaintiff may request such relief from the Executive Committee, not from an individual judge presiding over a case in which Plaintiff is a litigant.<br><br>Finally, in the interest of clarity, the Court reiterates that the notice of motion date of 5/27/2011 is stricken, the case will not be called before Judge Dow in the district court on that date, and Plaintiff is not required to be physically present for any proceedings in the district court. Plaintiff therefore need not appear in the district court following the status hearing before Magistrate Judge Keys at 9:00 a.m. on 5/27/2011. |