Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6413 | **DATE** | 1/18/2012 |
| **CASE TITLE** | Linda L. Shelton vs. Cook County Sheriff, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Plaintiff's motion for change of venue [46] is denied.

■[ For further details see text below.]     Docketing to mail notices. Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiff maintains that the "bias and prejudice of the judges in the Federal District Court of the Northern District of Illinois, Eastern Division, mak[e] it impossible" for her to obtain a fair trial in this courthouse. Specifically, she contends that the undersigned as well as Magistrate Judge Keys have been "prejudiced by the void, illegal, and malicious orders of Judge Holderman, Judge Kocoras, and Judge Easterbrook and this case must therefore be transferred out of this courthouse in the interest of fairness and justice." Plaintiff also cites cases in which claims similar to hers have been dismissed as frivolous by other judges in this district.

Plaintiff's only support for her change-of-venue motion is her belief that the judges in this district are biased against her and the type of claims she has brought. Judicial disqualification is governed by 28 U.S.C. § 455, which is intended to promote public confidence in the impartiality of the judicial system. Section 455 indicates that a judge should be disqualified if "he has a personal bias or prejudice concerning a party * * *." The asserted bias must arise from some source other than what the judge has learned through participation in the case. *United States v. Grinnell Corp.,* 384 U.S. 563 (1966); *United States v. Balistrieri,* 779 F.2d 1191 (7th Cir.1985); *In Re International Business Machines,* 618 F.2d 923 (2nd Cir.1980). Additionally, "[f]actual averments of bias or prejudice must be more than the movant's mere conclusions, opinions, or rumors." *Dyson v. Sposeep*, 637 F. Supp. 616, 619 (N.D. Ind. 1986). Finally, the judge determining the motion need not accept as true the allegations made in the recusal motion; the judge may contradict the allegations with facts drawn from his own personal knowledge. *United States v. Balistrieri,* 779 F.2d 1191 (7th Cir.1985).

The facts and law set forth in Plaintiff's motion to change venue do not in any way suggest that the Court is biased against her or her claims or prejudiced in favor of Defendants. Plaintiff's suggestion that the Court has a bias against her appears merely to be the product of speculation and frustration resulting from her own conduct

| STATEMENT |
|---|

in this case. Plaintiff has had certain restrictions placed upon her due to her inability to follow standard court procedures and rules of decorum while in the courthouse. However, to date, these restrictions have allowed her to proceed on the merits of her claims and have not impeded her ability to litigate this case. Plaintiff's own imprudent actions do not provide a convincing reason why recusal is necessary or why a change of venue would be justified. Furthermore, rulings issued by judges in this District, either in cases involving Plaintiff or in cases wholly distinct from the instant matter, do not bear on judicial disqualification. These cases may provide persuasive authority for this Court to consider in ruling on the merits of Plaintiff's claims, but they in no way justify a change of venue. There is nothing to suggest that Plaintiff cannot receive a fair disposition of her case in this district with the undersigned district judge presiding. Thus, Plaintiff's motion for change of venue is denied.

*[signature]*